IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01794-LTB
Criminal Action No. 04-cr-00396-LTB-2

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

2.  AMSELMO REYES-SOTO,

    Defendant.

---

# ORDER

---

The matter at issue is the "Motion to Alter and the Judgment Pursuant to Rule 59(e)" that Defendant Amselmo Reyes-Soto, a *pro se* prisoner litigant, filed on September 3, 2013. Defendant is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Complex in Forrest City, Arkansas. Defendant seeks reconsideration under Fed. R. Civ. P. 59(e) of the August 20, 2013 Order that denied his 28 U.S.C. § 2255 Motion. I must construe the Motion liberally because Defendant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

First, I will address whether Defendant's Motion is a true Rule 59(e) motion or is a second or successive § 2255 motion. A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir.

2006) (construing a Rule 60(b) motion); see also United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006) (a Rule 59(e) motion is construed like a Rule 60(b) motion when addressing second or successive habeas issues). Defendant asserts in the Motion to Alter that he is challenging his sentence under the new rule of law in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), the same as he did in his § 2255 Motion. I, therefore, find Defendant is reasserting a federal basis for relief from his underlying conviction and construe the Rule 59(e) Motion as a second or successive § 2255 motion.

Second, under § 2255(h) and 28 U.S.C. § 2244(b)(3), Defendant must obtain permission from the Tenth Circuit for a district court to consider a second or successive § 2255 motion. In the absence of such authorization, a district court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

> A federal prisoner seeking authorization to file a second or successive § 2255 motion must demonstrate that his claims are based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

Defendant does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion. Therefore, I must either dismiss the § 2255 motion for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

It is clear that this Court lacks the requisite jurisdiction to consider this § 2255 motion. Furthermore, the Tenth Circuit most recently held that *Alleyne* was decided on direct review, it is an extension of *Apprendi*, and other rules based on *Apprendi* do not apply retroactively on collateral review. *See In re: James Edward Payne*, No. 13-5103, 2013 WL 5200425, at *2 (10th Cir. Sept. 17, 2013). Therefore, a transfer of this action to the Tenth Circuit is not in the interest of justice.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), I may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I conclude that Defendant has not made a substantial showing of the denial of a constitutional right and deny a certificate of appealability in both this 28 U.S.C. § 2255 motion and the § 2255 motion denied in ECF No. 224. Accordingly, it is

ORDERED that Defendant's Motion to Alter and the Judgment Pursuant to Rule 59(e), ECF No. 226, filed on September 3, 2013, is construed as a successive 28 U.S.C. § 2255 motion and is denied for lack of jurisdiction. It is

FURTHER ORDERED that under 28 U.S.C. § 2253(c)(2) and Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is denied in both 28 U.S.C. § 2255 motions.

DATED at Denver, Colorado, this  30th  day of   September  , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court